IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KAREN GOODIN, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 24-00286-JB-B |
| | ) | |
| J. H. WALKER, INC., et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

This action is before the Court on Defendants' Motion for Summary Judgment. (Doc. 134). Plaintiff filed an opposition (Doc. 156) and Defendants filed a Reply (Doc. 172). The Court conducted a hearing of the Motion at which all parties appeared and argued. Upon due consideration of all relevant filings and oral arguments of counsel, the Court concludes the Motion is due to be GRANTED IN PART AND DENIED IN PART.

Defendants first argue, as a matter of law, they do not have the duties asserted by Plaintiff, and that Plaintiff's claims fail for lack of evidence of proximate causation. (Doc. 134-1 at PageID.4826-4837). In previous orders disposing of motions to exclude experts, the Court noted it will instruct the jury on the legal duties owed in this case. However, the Court also ruled there are a number of experts who will be permitted to opine about industry standards, customs and best practices, some informed by regulatory schemes, to clarify the standard of care owed pursuant to applicable legal duties. For the reasons stated in those orders, as well as on the record at the hearing of the Motion and those set out in Plaintiff's opposition, the Court concludes Defendant's Motion is due to be DENIED in this respect.

1

Defendants next argue Plaintiff's claims fail as a matter of law because there is a "total lack of evidence from which the fact finder can reasonably infer a direct causal relation between the defendant's conduct and the resulting injury to the plaintiff."  (Doc. 134-1 at PageID.4832). Defendants state a correct legal principle, but the Court disagrees it applies to the record before it.  The evidence in the record is susceptible to various interpretations as to cause.  The Court will not weigh that evidence on summary judgment.  In essence, Defendants are asking the Court here, and elsewhere in their Motion, to find O'Rourke's contributorily negligent.  The Court cannot do so on this record.  The Court concludes Defendants' Motion in this respect, and as directed to contributory negligence and contributory negligence *per se*, is due to be DENIED.

The Court finds Defendants' arguments directed to Plaintiff's wantonness claim to be persuasive.  Plaintiff's opposition to Defendants' Motion in the wantonness claim is not.  In fact, the Court agrees with Defendants' observation that "Plaintiff makes no serious effort to address [the Motion on the wantonness] claim, and "[s]he failed to: (1) discuss the legal authority in Defendants' brief; or (2) cite any authority in hers."  (Doc. 172 at PageID.8148).   The Court concludes Defendants' Motion is due to be GRANTED as to Plaintiff's wantonness claim.

The Court similarly finds Defendants' Motion directed to claims for "negligent hiring, retention, monitoring, supervision, and training" to be persuasive.  And again, Plaintiff's opposition is not.  For the reasons set out in Defendants' supporting and reply briefs (Docs. 134-1 at PageID.4846-4853, and 172 at PageID.8148-8149), the Court finds Defendants' motion directed to Plaintiff's claims for "negligent hiring, retention, monitoring, supervision, and training" is due to GRANTED.

2

**CONCLUSION**

For the reasons set out above, in Plaintiff's opposition, and those stated on the record at oral argument, the Court concludes Defendants' Motion for Summary Judgment is due to be **GRANTED IN PART AND DENIED IN PART** as set out herein.[1]

**DONE and ORDERED** this 24th day of March, 2026.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Defendants' Motions to Strike (Docs. 164 and 171) are DENIED.