**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **KAREN GOODIN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION NO. 24-00286-JB-B** |
| | ) |
| **J. H. WALKER, INC., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This action is before the Court on Plaintiff's Motion for Partial Summary Judgement.  (Doc. 145).  Defendants filed an opposition to the Motion (Doc. 154) and Plaintiff filed a Reply (Doc. 174).  The Court conducted a hearing on the Motion, at which the parties appeared and argued.  Upon due consideration of all relevant filings and the oral arguments of counsel, the Court concludes Plaintiff's Motion is due to be GRANTED IN PART AND DENIED IN PART.

The Court first addresses Plaintiff's argument that certain testimony should be disregarded because it is inconsistent with "indisputable evidence, especially video/photographic evidence."  (Doc. 145 at PageID.6638).  According to Plaintiff, this is inadmissible evidence that "does not count."  (*Id.* at PageID.6637).  However, the evidence Plaintiff characterizes as "indisputable" is not.  The "video/photographic evidence" depicts dark, nighttime events and is not as clear as either party would like.  This evidence does not establish the absence of any genuine issue of material fact.  To the contrary, it presents factual disputes.

Plaintiff's Motion is directed at Defendants JH Walker's and Bascle's affirmative defenses 10, 19, 24, 25, 27, 28, 29, 33, 35, 40, 41, and 48, which variously assert contributory negligence,

last clear chance, assumption of the risk, sudden emergency, intervening or supervening causes, and immunity.  For the reasons set out in Defendants' opposition, the Court concludes Plaintiff's Motion is due to be DENIED as to all challenged affirmative defenses except for affirmative defenses 40 and 41, which assert immunity.  (*Id.* at PageID.6642).  In light of Defendants' concession that they do not have an applicable immunity defense through its permit and/or through ALEA, the Court concludes Plaintiff's Motion is due to be GRANTED in that respect.

## CONCLUSION

Plaintiff's Motion for Partial Summary Judgment is GRANTED IN PART AND DENIED IN PART as set out herein.

**DONE and ORDERED** this 24th day of March, 2026.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE