**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **KAREN GOODIN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **CIVIL ACTION NO. 24-00286-JB-B** |
| | ) |
| **J. H. WALKER, INC., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This action is before the Court on Plaintiff's Motion to Exclude Purported Expert Testimony of Dr. Jason Swanner. (Doc. 142). Defendants filed an opposition. (Doc. 152). Plaintiff did not respond to Defendants' opposition. Upon due consideration of all relevant filings, the Court concludes the Motion is due to be DENIED IN PART AND CONDITIONALLY GRANTED IN PART.

Plaintiff argues Dr. Swanner, a board-certified ophthalmologist, should be precluded from opining that the decedent, James Francis O'Rourke, had double vision, that someone with this condition driving at night would have been debilitated by multiple sources of flashing lights, and the Plaintiff's human factors expert Ian Noy's assessment of Mr. O'Rourke are undermined by his failure to understand the effects of this condition. Generally, Plaintiff contends Dr. Swanner lacks "expertise and applicable evidence" to offer these opinions, has "cherry picked evidence," and proffers inconsistent testimony that will confuse the jury.

For the reasons set out in Defendants' opposition, the Court concludes Plaintiff's arguments do not warrant striking Dr. Swanner's opinions on these subjects. Rather, Plaintiff's

1

arguments go to the weight of the proffered testimony.  Dr. Swanner will be subject to cross-examination on the grounds raised by Plaintiff, but those grounds do not render his opinions inadmissible.  Plaintiff's Motion is due to be DENIED in this regard.

Plaintiff next argues Dr. Swanner is not qualified to rebut Dr. Noy's opinions because Dr. Swanner is not an expert in the field of human factors.  The extent Dr. Swanner may attempt to testify as to uniquely human factors matters, the Court concludes he would not be qualified to do so.  However, it appears to the Court Dr. Swanner's criticisms of Dr. Noy's opinions are not based on uniquely human factors features or principles.  The Court understands Dr. Swanner's opinions in this case, including his rebuttal of Dr. Noy's opinions, to be wholly within the bounds of his medical and ophthalmological expertise.  Upon due consideration, the Court concludes Plaintiff's Motion is due to be CONDITIONALLY GRANTED as to human factors opinion testimony.  However, Dr. Swanner may challenge Dr. Noy's opinions to the extent such challenges are relevant and based solely on Dr. Swanner's medical and ophthalmological expertise.

**CONCLUSION**

For the reasons set out in Defendants' opposition, to which Plaintiff failed to reply, Plaintiff's Motion to Exclude Purported Expert Testimony of Dr. Jason Swanner (Doc. 142) is DENIED IN PART AND CONDITIONALLY GRANTED IN PART as set out herein.

**DONE and ORDERED** this 24th day of March, 2026.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE

2