**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **KAREN GOODIN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION NO. 24-00286-JB-B** |
| | ) |
| **J. H. WALKER, INC., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This matter is before the Court on Defendants' *Daubert* Challenge and/or Motion to Strike Certain Opinions of Plaintiff's Expert Travis Gourley ("Gourley"). (Doc. 131). Plaintiff filed a Response in opposition to the Motion and Defendants filed a Reply. (Docs. 161 and 168). Upon due consideration, and for the reasons set out herein, the Court concludes the Motion is due to be **GRANTED IN PART AND DENIED IN PART**.

I.      **INTRODUCTION**

This action involves a motor vehicle accident in which James Francis O'Rourke was killed. Plaintiff, as Personal Representative of the Estate of O'Rourke, alleges Defendants caused the accident by the negligent and wanton transportation of a superload in Alabama. The superload and a vehicle operated by O'Rourke collided on a bridge. Plaintiff proffers Gourley as an accident reconstructionist. He holds a bachelor's degree in civil engineering and has graduate education in vehicle dynamics, human factors, engineering, and accident reconstruction.

Gourley obtained data which inform his opinions. He collected EDR information from both O'Rourke's car and the superload, the GPS and Garmin data from the superload, and

1

photographs of the accident scene.  Gourley visited the scene in the daytime and nighttime, reviewed dash camera footage from the superload and an escort vehicle.  He reviewed security camera footage from two businesses along the designated route.

For reasons set out in Plaintiff's opposition (Doc. 161) and those set out below, the Court concludes most of Defendants' challenges fail to support their Motion to Strike Gourley's opinions.  Defendants' challenges are rather proper subjects of cross-examination and jury argument.

Defendants move to strike a number of Gourley's opinions.  They first challenge Gourley's opinion that O'Rourke's vehicle was likely not stopped on the roadway shoulder prior to the accident.  Defendants characterize this opinion as speculative and conjectural.  However, they acknowledge Gourley bases the opinion on physical evidence, acceleration and deceleration capabilities of O'Rourke's vehicle, the relative spacing of the vehicles in the superload escort convoy as depicted in surveillance video and dash camera video, and the time between the superload driver being informed of oncoming vehicles and the moment of impact.  Defendants argue Gourley should be struck because he makes assumptions for which he "performed no real-world testing or simulations," and that he failed to account for alternative variables and other witness testimony.

The Court finds Defendants' arguments are the sort the Eleventh Circuit instructs are best addressed by "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof."  The Eleventh Circuit recently explained:

> The inquiry under *Daubert* is not whether the expert's assessment is incontrovertible. "***Daubert* does not require that a party who proffers expert testimony carry the burden of proving to the judge that the expert's assessment of the situation is correct**." *Ruiz-Troche v. Pepsi Cola of Puerto Rico Bottling Co.,*

161 F.3d 77, 85 (1st Cir. 1998). The reliability inquiry is about the principles and methods the expert used, **not whether the expert has provided credible testimony**. *See* Fed. R. Evid. 702; *Daubert*, 509 U.S. at 590; *McCorvey* [*v. Baxter Healthcare Corp.*], 298 F.3d [1253,] 1256 [11th Cir. 2002]. Instead of excluding an expert's testimony entirely, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof" remain the preferred "means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596. **Even if a jury could find some inconsistency between [an expert's] report and his deposition that might undermine his testimony at trial, that credibility question is one for the jury to answer.**

*Rappuhn v. Primal Vantage*, 2024 U.S. App. LEXIS 14101, *11 (11th Cir. June 11, 2024) (emphasis added).  Additionally:

As we've explained, **"objections to the inadequacies of a study are more appropriately considered" as "going to the weight of the evidence rather than its admissibility."** *Rosenfeld v. Oceania Cruises, Inc.*, 654 F.3d 1190, 1193 (11th Cir. 2011) (quoting *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1188 (9th Cir. 2002)) (citing *Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1345 (11th Cir. 2003)). Typically, **the "failure to include variables" in an expert's testing "will affect the analysis'[s] probativeness, not its admissibility."** *Quiet Tech. DC-8, Inc.*, 326 F.3d at 1346 (quoting *Bazemore v. Friday*, 478 U.S. 385, 400 (1986)).

*Rappuhn*, 2024 U.S. App. LEXIS 14101, at *11 (emphasis added).  Finally, the cases on which Defendants rely are distinguishable.  Gourley does not support his opinions be mere *ipse dixit*, and the Court does not find there is "too great an analytical gap between the data [he relied on] and the opinion[s]" he proffers.  *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

Defendants make similar arguments that are due to be denied on the same grounds.  These include Defendants' challenges of Gourley's opinions regarding causation.  (Doc. 131 at PageID.4347).  Of course, Gourley will be prohibited from offering legal conclusions and his testimony will be limited to relevant topics, such as proximate rather than "remote" causes.  And

Gourley will not be permitted to offer expert conclusions that he concedes are merely common sense.

The Court finds Defendants are, again, relying on cases that are distinguishable or do not support the principle for which they are cited.  For example, Defendants cite *Trinidad v. Moore*, 2016 U.S. Dist. LEXIS 127868 (M.D. Ala. Sept. 20, 2016) as support for their argument that opinions characterizing an accident as "preventable" or "avoidable" must be excluded as an improper legal conclusion.  (Doc. 131 at PageID.4350).  However, the opinion in *Trinidad* that the accident was "preventable" was excluded because it was an application of a National Safety Council definition. It was not an expert opinion based on accident reconstruction or other scientific principles of the sort Gourley offers in this case.  Gourley, though, will not be permitted to testify that any particular governmental standard or best practice applies to Defendants or that any related violation caused the accident.

Defendants next argue some of Gourley's opinions are not sufficiently reliable under *Daubert*.  (Doc. 131 at PageID.4352).  Based on a Ninth Circuit opinion, Defendants contend "experts must provide reasons for rejecting alternative hypotheses," and that they must do so "'using scientific methods and procedures,' and 'elimination of those  hypotheses  must  be founded on more than "subjective beliefs or unsupported speculation.'" (*Id.* at PageID.4354 (quoting *Claar v. Burlington N. R.R. Co.*, 29 F.3d 499, 502 (9th Cir. 1994)). Defendants specify three opinions which they argue fail "to adequately account for obvious alternative explanations for how and why this accident occurred."  (Doc. 131 at PageID.4353 – 4354).  The three challenged opinions are that the accident could have been avoided if (1) the superload, pilot and Trooper vehicles commenced the move at 9:00 p.m. as opposed to 8:47 p.m., (2) the

4

superload traveled the posted speed limit of 45 mph, and (3) the superload slowed to a complete stop and moved over to the right after being alerted of the oncoming vehicles.

As for the first challenged opinion, *i.e.*, that the accident could have been avoided if the route had begun at 9:00 p.m. rather than 8:47 p.m., Gourley bases his opinion on the subject ALDOT permit and his "common sense" understanding of traffic density. The Court concludes Defendants' Motion is due to be GRANTED as to this opinion. This opinion is speculative, unhelpful to the jury, an improper subject of expert testimony, and improper testimony regarding a violation of the subject ALDOT permit.

The Court concludes that Defendants' Motion as to the second and third specified opinions is due to be DENIED, for the reasons set out above. Specifically, the Court finds those opinions may be helpful to the jury and not due to be stricken, but rather are proper subjects of cross-examination.

**CONCLUSION**

Defendants' *Daubert* Challenge and/or Motion to Strike Certain Opinions of Plaintiff's Expert Travis Gourley (Doc. 131) is **GRANTED IN PART AND DENIED IN PART** as set out herein.

**DONE and ORDERED** this 24th day of March, 2026.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE